# THE UNITED STATES DISTRICT COURT

# IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| HARMONY MEJIA, | ) Case No. ED CV09-02157-AHM-MANx |
| Plaintiff, | ) |
| | ) **PROTECTIVE ORDER** |
| v. | ) |
| WALGREEN CO.; and DOES 1 through 50, inclusive, | ) |
| Defendants. | ) |

The Court adopts, and enters as a Protective Order of this Court, the terms of the parties' Stipulation and Protective Order ("Stipulated Protective Order"), filed on March 30, 2010, except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraph 7 of the Stipulated Protective Order.

The parties are expressly cautioned that the designation of any information, document or thing as Confidential does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the partes' designation of any information, document, or thing as Confidential is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be

1 shown to support a filing under seal.  The parties' mere designation of any information, document, or thing as Confidential does not – without the submission of **competent evidence**, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectible - constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each type of information, document, or thing sought to be filed under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, **competent evidence** supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

### TERMS OF PROTECTIVE ORDER

1. Any documents or information produced by a party in this action which are, in good faith, determined by the producing party to contain confidential or proprietary information, including financial information, medical information, trade secrets, personnel information, customer credit card information, third party witness contact information, or other similar confidential and commercially sensitive information of a non-public nature, may be designated by the producing party as "confidential," and so marked, by stamping each page of the document "Confidential." In the case of photographs, the reverse side of the photograph may be marked as "Confidential." In the case of CD-Rom materials, the container may be marked as "Confidential."

2.      Where documents obtained from any source are used in discovery or depositions as exhibits, either party may designate such documents "Confidential" by so stating on the record, and designating the original exhibit as "Confidential" in writing on each page of the exhibit.

3.      When used in this Order, the word "documents" means all written, recorded or graphic matter whatsoever, however created and the medium on which it was produced or reproduced, including, but not limited to, documents produced by any party, whether pursuant to discovery rules, subpoena, or by agreement, and may also include deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing.

4.      All confidential documents and all information contained therein, shall be used by the party to whom the documents are disclosed solely for the prosecution and/or defense of this action, and shall not be further disseminated, except as specifically set forth below.

5.      Except with prior written consent of the party asserting confidential treatment, confidential documents and the information contained therein may be disclosed only to counsel who files an appearance for the party to whom the confidential disclosure has or is to be made, and secretaries, paralegal assistants, and other employees of such counsel who are assisting counsel in the prosecution and/or defense of this action.  Counsel shall be responsible for ensuring that his or her partners, associates and employees are informed of the terms of this Order and agree to abide by them.

6.      Counsel to whom confidential documents or information have been disclosed may disclose the information to his or her client in this action, and to witnesses and outside consultants and experts who assist in the prosecution and/or defense of this action, but only after the client, witness, consultant or expert has read this Order and agrees in writing to be bound by it, as set forth in **Exhibit A**.  Upon Order of this Court, for good cause shown, these agreements shall be available for inspection by counsel for the party producing the confidential documents.

7.      Any party intending to file a document designated confidential with the Court shall give the designating party reasonable notice of their intentions so that the designating party may

attempt to the seal the documents, if desired, in accordance with the provisions of Local Civil Rule 79-5.

8. At the conclusion of the litigation or this action, or upon settlement or dismissal, documents designated as confidential, and all copies of such documents (other than exhibits of record), shall be returned to the party that produced such document.

9. Nothing in this Order shall prevent any party to this action from moving the Court to remove the confidential designation from a particular document, from seeking modification of this Order, from designating already-produced documents as confidential, or from objecting to discovery which a party believes to be otherwise improper.

10. Nothing in this Order shall prevent or otherwise restrict any counsel from rendering advice to his/her client and, in the course thereof, relying generally on his/her examination of items designated as confidential.

11. Notwithstanding any of the foregoing provisions of this Protective Order, counsel for the parties may disclose documents containing information (at deposition or otherwise) to the persons who were the authors or addressees of the documents or who are shown or otherwise demonstrated to have or to have received copies thereof or notice or knowledge of contents thereof.

IT IS SO ORDERED.

Dated: August 9, 2010

_____
Honorable Margaret A. Nagle
United States Magistrate Judge

# EXHIBIT A

## AGREEMENT OF CLIENT, EXPERT, CONSULTANT OR DESIGNATED REPRESENTATIVE TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____ [print or type name], a client, expert, witness or designated representative of _____ [print or type name of party or law firm], in connection with *Harmony Mejia v. Walgreen Co., et al.*, U.S.D.C., Central District, Case No. CV09-02157-AHM-MANx, hereby acknowledges that he/she has received a copy of the Protective Order entered in this action, and has read it and agrees to be bound by all of the provisions thereof.

Dated: _____                    _____
                                                             SIGNATURE